IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON NATURAL DESERT
ASSOCIATION, et al.,

        Plaintiffs,

    v.

UNITED STATES FOREST SERVICE,
et al.,

        Defendant,

FREMONT-WINEMA GRAZING
ASSOCIATION,
        Applicants for
        Intervention.
_____

Civil No. 04-3096-CO

FINDINGS AND RECOMMENDATION

COONEY, Magistrate Judge:

    Plaintiffs Oregon Natural Desert Association and Oregon Natural Resources Council Fund (plaintiffs), bring this action for declaratory and injunctive relief pursuant to the Administrative Procedures Act (APA), 5 U.S.C. § 701 et. seq., for alleged

violations of the National Forest Management Act (NFMA), 16 U.S.C. §§ 1600-1614, the Endangered Species Act (ESA), 16 U.S. C. §§ 1531 et seq., the National Environmental Policy Act (NEPA), 42 U.S. C. § 4321 et seq., and certain implementing regulations against the United States Forest Service (USFS). Plaintiffs allege that the USFS has failed to insure that ongoing and annually authorized livestock grazing within the Fremont-Winema National Forest is consistent with the Fremont and Winema National Forest' Land and resource Management Plans (LRMPs) as amended by the Inland Natives Fish Strategy (INFISH) and by failing to undertake legally required consultation, monitoring, and analyses for the protection of fish, wildlife, and other natural values prior to authorizing grazing. Plaintiffs seek a declaration that the USFS has allowed, and has a pattern, practice or policy of allowing grazing in violation of the ESA, NFMA, Forest Service regulations, NEPA, and the APA. Plaintiffs seek an injunction prohibiting the USFS from authorizing further grazing until the USFS has complied with federal laws. Plaintiffs seek a court order finding that the United States Fish and Wildlife Service (USFWS) acted arbitrary, capriciously, and not in compliance with law by failing to include in the biological opinions that the USFS comply with INFISH grazing standards. Plaintiffs also seek costs and attorney's fees.

Fremont-Winema Grazing Association (FWGA) moves to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, or, in the alternative, to intervene permissively

FINDINGS AND RECOMMENDATION - 2

pursuant to Rule 24(b) of the Federal Rules of Civil Procedure (#18).

## FACTS

Plaintiffs bring this action alleging violations of NFMA, ESA, and NEPA in connection with grazing permits in the Fremont and Winema National Forest. Plaintiffs seek government compliance with these laws and their implementing regulations, and an injunction modifying or suspending grazing permits pending such compliance. (Complaint). This action was filed on November 12, 2004 and defendants filed their answer on February 1, 2005.

There are currently thirty three term grazing permits in force within the Fremont and Winema National Forests. (Taylor Affidavit ¶1). FWGA consists of all thirty three holders of term grazing permits that currently exists within the Fremont and Winema National Forests. (Taylor Affidavit ¶2). The injunctive relief sought by plaintiffs could result in the cancellation, suspension, or limitation of some or all of the thirty three grazing permits. (Taylor Affidavit ¶3). FWGA and its members have interests that differ significantly from the federal defendants. (Id.).

## DISCUSSION

FWGA moves to intervene as a matter of right pursuant to Fed.R.Civ.P. 24(a), or, in the alternative, for permissive intervention pursuant to Fed.R.Civ.P. 24(b). FWGA argues that: 1) the motion to intervene is timely;

FINDINGS AND RECOMMENDATION - 3

2) its members have a significantly protectable interest in the form of grazing permits issued by defendant;

3) the disposition of this action directly affects and threatens current use and enjoyment of the grazing permits and the case raises common legal and factual issues with respect to past and future use and enjoyment of the grazing permits;

5) the defendant does not adequately represent its' interest; and

6) it entitled to permissive intervention.

Plaintiffs oppose intervention at this time, but do not oppose intervention by individual permit holders during the remedial stage of the case, based on the following arguments:

1) the government is the only proper party in the liability phase of this compliance action, and the economic interests held by individual permit holders would be adequately addressed by timely intervention in the remedial stage of this litigation;

2) the Ninth Circuit's decision in <u>Fresno County v. Andrus</u>, 622 F.2d 436, 438 (9th Cir. 1980) was limited in <u>Churchill County v. Babbitt</u>, 150 F.3d 1072, 1088 (9th Cir. 1998), <u>opinion Amended and Superceded by</u>, 158 F.3d 491 (9th Cir. 1998), where the court allowed intervention only in the remedial phase of the litigation;

3) FWGA should not be allowed to intervene because: it does not possess a significantly protectable interest in defending a government compliance action; FWGA is not a permit holder and does not even have an economic interest that would be affect by the remedial phase of the litigation; and individual members of FWGA

FINDINGS AND RECOMMENDATION - 4

would not be bound by any injunction issued against FWGA;

4) any interest possessed by FWGA or individual permit holders will not be impaired or impeded in the liability phase of this litigation and can be adequately protected by intervention of the individual permit holders in the remedial phase of the litigation;

5) FWGA's interests are adequately represented by the USFS - there is a presumption of adequate representation - interests may diverge at the remedial phase of the litigation; and

6) FWGA does not meet the requirements for permissive intervention - there is no independent basis for jurisdiction - any interest is speculative until the remedial phase of the litigation - there is no showing of common questions of law or fact; and

7) the court should only allow intervention by individual permit holders in the remedial stage of the litigation.

In reply, FWGA argues that:

1) the general rule limiting intervention does not apply to this case because this case involves alleged violations by individual permit holders that are being used to show a pattern or practice of violations by the federal government;

2) the federal defendants will not adequately represent FWGA's interests;

3) FWGA is the proper party to intervene, or, in the alternative, the court should allow three individual permit holders to intervene as a matter of right; and

4) permissive intervention should be allowed as demonstrated by

FINDINGS AND RECOMMENDATION - 5

FWGA's arguments in support of intervention as a matter of right and intervention will not cause undue delay or prejudice to the parties.

Federal Rules of Civil Procedure Rule 24 permits two types of intervention; intervention as of right and permissive intervention. Fed.R.Civ.P. 24(a) and (b). Rule 24(a) provides:

> "Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

There are four requirements for intervention of right: 1) the application for intervention is timely; 2) the applicant has a significantly protectable interest relating to the transaction that is the subject of the transaction; 3) the applicant is so situated that disposition of the action may impair or impede the applicant's ability to protect that interest; and 4) the applicant's interest must be inadequately represented by the existing parties to the suit. <u>Northwest Forest Resource Council v. Glickman</u>, 82 F.3d 825, 836 (9th Cir. 1996)(citation omitted). Courts interpret Rule 24 broadly in favor of intervention. <u>Forest Conservation Council v. U.S. Forest Service</u>, 66 F.3d 1489, 1493 (9th Cir. 1995)(citation omitted).

In <u>Kootenai Tribe of Idaho v. Veneman</u>, 313 F.3d 1094, 1108 (9th Cir. 2002), the Ninth Circuit made it clear that private

FINDINGS AND RECOMMENDATION - 6

intervenors may not intervene as a matter of right pursuant to Rule 24(a) in the merits phase of a NEPA compliance action. Only the government can be liable under NEPA, and, therefore, a private party cannot be a defendant in a NEPA compliance action. Id. (citations omitted). However, private parties may intervene as a matter of right in the remedial stage of a NEPA compliance action if they meet all the requirements of Rule 24(a). Forest Conservation Council, 66 F.3d at 1493.

Under the above rationale, FWGA and the individual permit holders cannot intervene as a matter of right in the liability phase of this action to obtain government compliance with environmental laws. This case does not differ significantly from other government compliance actions in which courts have held the government is the only proper defendant. The opinions by Judge Haggerty and Judge King do not address or discuss the Ninth Circuit's ruling in Kootenai Tribe.

Under Kootenai Tribe, the government is the only proper defendant in this case. Therefore, FWGA's motion to intervene as a matter of right should be denied. The plaintiffs do not oppose intervention as matter of right by the three individual permit holders in the remedial phase of the litigation. Therefore, the motion to intervene as a matter of the three individual permit holders in the remedial phase of the litigation should be granted. In addition, the court finds that the individual permit holders should be allowed to file amicus briefs in the liability phase of

FINDINGS AND RECOMMENDATION - 7

this litigation as this would be helpful to the court.

The court may allow permissive intervention under Rule 24(b) when: 1) the movant shows an independent ground for jurisdiction; 2) the motion is timely; and 3) the applicant's claim or defense and the main action have a question of law or fact in common. <u>Garza v. County of Los Angeles</u>, 918 F.2d 763, 777 (9th Cir.), <u>cert. denied</u>, 498 U.S. 1028 (1991)(citation omitted). FWGA, on behalf of themselves or the three individual permit holders, has not articulated an independent basis for jurisdiction either in their briefs or in the affidavits provided to the court. Therefore, its motion for permissive intervention should be denied. <u>See</u> <u>Oregon Natural Desert Association, et al. v. Bureau of Land Management, el al.</u>, Civil No. 03-1017-JE at 4(Order dated March 19, 2004).

## **RECOMMENDATION**

Based on the foregoing, it is recommended that the motion to intervene (#18) be grnated in part and denied in part as set forth below:

1) FWGA's motion to intervene as a matter of right on behalf of itself be denied;

2) FWGA's motion to intervene as a matter of right on behalf of the individual permit holders in the liability phase of the ligation as a matter of right be denied;

3) FWGA's motion to intervene as a matter of right on behalf of the individual permit holders in the remedial phase of the ligation as

FINDINGS AND RECOMMENDATION - 8

a matter of right be granted;

4) the individual permit holders should be allowed to file amicus briefs in the liability phase of the litigation; and

5) the individual permit holders should be allowed, as a matter of right, to participate in any settlement negotiations or settlement agreement in this case.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this \_\_\_\_\_28\_\_\_\_\_ day of April, 2005.

_____/s/_____
UNITED STATES MAGISTRATE JUDGE